UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Occidental Fire & Casualty Company
of North Carolina,

Civil No.: 16-CV-1174 (PJS/FLN)

Plaintiff,

v.

**SUPPLEMENTAL AFFIDAVIT
OF R. BRYAN TILDEN**

Interstate Risk Placement, Inc.,

Defendant and Third-Party Plaintiff,

v.

Olson Insurance Agency, Inc.,
and Mary Oertli,

Third-Party Defendants.

STATE OF NORTH CAROLINA )
                                                    ) ss.
COUNTY OF CHATHAM            )

I, R. Bryan Tilden, being first duly sworn under oath, depose and state:

1.     My affidavit supplements my expert witness report dated August 1, 2017.

2.     I have reviewed the August 31, 2017 expert disclosure of Mike Fogarty submitted by Olson Insurance Agency, Inc. and Mary Oertli.

3.     It is the obligation of the retail insurance agent, which in this instance is Mary Oertli of Olson Insurance Agency, to check the insurance policy when it is

delivered to the insurance agency. The minimum standard of care expected of an insurance agent in these circumstances is that the insurance agent will check the insurance policy to ensure the policy conforms to the instructions of the insured and the expectations of all of the parties in the distribution of the insurance policy, the insured, the retail insurance agent, a wholesale insurance broker (if one is in the distribution), and the insurer. The retail insurance agent has a dual obligation, one to the insurance customer (Hipp's Trucking, Inc. and Thomas Hipp) and one to the underwriter at the insurance company. In this instance, Interstate Risk Placement (IRP) acted on behalf of Occidental Fire & Casualty Company of North Carolina (Occidental), and thus was the underwriter of the policy.

4.      In this instance, Occidental paid IRP a 20% commission for the sale and service of the Occidental policy ultimately sold to O.M. Trucking and Hipp's Trucking as the individual trucker. Of that 20% commission, IRP and Olson Insurance Agency had an arrangement whereby Olson Insurance Agency received 15% and IRP received 5%. This sharing of the 20% commission (15% to Olson and 5% to IRP) created an expectation by the wholesale insurance broker (IRP) that the retail insurance agent would meet the minimum standard of care expected of a retail insurance agent and that the retail insurance agent (Olson Insurance Agency/Mary Oertli) would perform its role in the distribution of insurance consistent with the expectations of the insurance industry. One of these

2

expectations is that the retail insurance agent would review the policy for accuracy and consistency with the amount and type of coverage that was intended to be provided to the insured. It is a matter of good faith on the part of the retail insurance agent, when the retail insurance agent receives a substantial commission, that the retail insurance agent performs the retail insurance agent's role in the distribution of the insurance product to the insuring public.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
R. Bryan Tilden

Subscribed and sworn to before
me this 29th day of September, 2017.

_____
Notary Public

My Commission Expires 04/10/2022

LINDA O POLSON
Notary Public – North Carolina
Chatham County
My Commission Expires Apr 10, 2022

3